IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KEVIN YATES, #1407549 | § | |
| VS. | § | CIVIL ACTION NO. 6:06cv455 |
| K. GAYLE, ET AL. | § | |

MEMORANDUM OPINION
AND ORDER OF PARTIAL DISMISSAL

Plaintiff Kevin Yates, an inmate confined in the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c).

The original complaint was filed on October 16, 2006. Yates complained that he was the victim of excessive use of force. On February 20, 2007, the Court conducted an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider Yates' claims. The incident in question occurred on November 17, 2004. Yates testified that he got off from work and went home. His girlfriend, Candace, was intoxicated and their baby was crying. He took the baby to Candace's grandmother's house for the protection of the baby. Candace subsequently stated that she was going to get the baby. Yates told her that he would call the police if she did so. Candace left, and Yates called the police. Defendant Deputy Gayle arrived and investigated the matter. They drove to the grandmother's house and did not see Candace, and Deputy Gayle then started to turn his attention to Yates. He arrested Yates for public intoxication, handcuffed him and placed him in a squad car. Deputy Gayle then returned to Yates' home and searched his car. Yates told him during

the search just to take him to jail.  He called Deputy Gayle several names in the process.  Deputy Gayle, in turn, went to the passenger side of the back of the squad car, opened the door and started choking Yates.  Deputy Gayle also punched Yates at least twice.  Defendant Sgt. Beene had arrived by then, and he pulled Deputy Gayle off of Yates.  Deputy Gayle then went to the other back door of the squad car, opened the door and struck Yates again.  Sgt. Beene had to pull Deputy Gayle off of Yates one more time.  The Plaintiff testified that he thinks that Deputy Gayle broke his nose.  Sgt. Beene then took Deputy Gayle aside and talked to him.  Sgt. Beene took Yates out of the back of the car.  Deputy Gayle then struck Yates on the back of the head with a metal flashlight.  Yates testified that he became semi-unconscious.

Yates testified that he was transported to East Texas Medical Center and a gash in the back of his head was stapled.  Two days later, he was examined by a specialist for hemorrhaging.  A CT scan revealed a small frontal contusion and a possible subdural.  A few days later, he was returned to the hospital due to an infection to his wrists caused by the handcuffs.  He underwent surgery and stayed in the hospital for six days.

The Plaintiff was charged with a number of offenses.  He posted bond.  A jury trial was scheduled for June, 2005.  The Plaintiff did not appear because he was in Athens regarding a custody hearing concerning his daughter.  He could not be in both places at the same time.  He was arrested on January 19, 2006.  In October, 2006, Deputy Tracey Nichols went to District Attorney Elmer Beckworth and told him that Deputy Gayle had confided in her that he engaged in misconduct.  Deputy Nichols also gave the Plaintiff an affidavit as follows:

> Late November or early December of 2004, Keith Gayle asked to trade his metal flashlight for my plastic flashlight.  I traded with him.  Some months later we traded flashlights back because he was resigning as a Cherokee County Deputy, and he needed to turn in his gear.

> Keith Gayle stated that during the course of his duties as a deputy he had beaten a man very badly with his flashlight because this man called him a "punk." He further stated that he arrested this man for POP, "pissing off police," and that he falsified the probable cause. Keith Gayle stated that he knew there was either an ongoing investigation, or there was going to be an investigation, and he wanted to conceal the fact that he carried a metal flashlight by carrying my flashlight that was plastic that would not have caused the injuries the man suffered from. I asked him how the man's injuries were going to be explained. He stated that he falsified the facts of the incident, and he claimed the man's injuries were a result of his struggle during arrest and possibly from the cage or exposed bolts in the squad car. This man was later identified to me by Elmer Beckworth as Kevin Yates.

As a result of Deputy Nichols' statement, Beckworth dropped all of the charges but for a failure to appear charge. Yates testified that he pled guilty to the failure to appear charge based on the recommendation of his attorney. He received a three year sentence. Yates' shortway discharge is in April, 2007. His sentence expires in December, 2008.

Yates testified that he has residual health problems from the incident, including frequent migraine headaches. A nerve was crushed around his right cheekbone, which resulted in no feeling in that area. He testified that the injury was caused when he was struck in the face by Deputy Gayle.

Yates testified that Deputy Gayle was the only person who used force against him. At one time, he thought Sgt. Beene may have struck him as well, but he does not believe that now. He acknowledged that Sgt. Beene tried to help him. When questioned by the Defendants, Yates indicated a desire to dismiss the claims against Sgt. Beene.

The Plaintiff finally testified that he wanted to add Cherokee County as a defendant since Gayle was retained as a deputy after the incident. Cherokee County did not do anything to Gayle because of his misconduct.

The Fourth Amendment reasonableness standard applies with respect to a seizure or arrest of a person. *Tennessee v. Garner*, 471 U.S. 1 (1985); *Graham v. Connor*, 490 U.S. 386 (1989). In

*Graham v. Connor*, the Supreme Court held that the force employed while making an arrest invokes the protection of the Fourth Amendment's prohibition against unreasonable searches and seizures and the reasonableness of a particular seizure depends on when and how the seizure is carried out. The Fifth Circuit accordingly held that a plaintiff alleging excessive use of force has to prove three elements: (1) a significant injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable. *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989)(*en banc*).  The Fifth Circuit subsequently abandoned the significant injury requirement in light of *Hudson v. McMillian*, 503 U.S. 1 (1992), and now requires that there be an injury. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926 (1993); *Spann v. Rainey*, 987 F.2d 1110, 1115 (5th Cir. 1993).

In the present case, Yates has pled facts which clearly provides a basis for a potentially meritorious excessive use of force claim against former Deputy Keith Gayle.  Yates should be allowed to proceed with his claims against him.

Yates included Sgt. Beene as a defendant in the original complaint, although he now feels that Sgt. Beene did not strike him.  In order to successfully plead a cause of action in a civil rights case, a plaintiff must enunciate a set of facts that illustrate a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  Sgt. Beene did not participate in using force against Yates.  The only way Sgt. Beene could possibly be implicated in these claims is through his supervisory capacity.  Under 42 U.S.C. § 1983, supervisory officials are not liable for subordinates' actions on any vicarious liability theory.  A supervisor may be held liable if either of the following exists: (1) his personal involvement in the constitutional deprivation, or (2) sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations.

4

*Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987). Neither condition is satisfied, thus Sgt. Beene is not an appropriate defendant. However, since Yates has asked to dismiss Sgt. Beene as a defendant, the discussion of Sgt. Beene's potential liability is moot and the claims against him should be dismissed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Yates also included the Cherokee County Sheriff's Department as a defendant. The provisions of 42 U.S.C. § 1983 state that every "person" who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. Section 1983 suits may, for example, be used to sue a state employee using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961); *accord, Brown v. Miller*, 631 F.2d 408, 410-11 (5th Cir. 1980). A city or county likewise can be a "person" within the meaning of 42 U.S.C. § 1983. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Van Ooteghem v. Gray*, 774 F.2d 1332, 1335 (5th Cir. 1985). A sheriff is a proper defendant, but subunits under a sheriff are not separate legal entities and are not subject to suit. *See, e.g., Shelby v. Atlanta*, 578 F.Supp. 1368, 1370 (N.D. Ga. 1984); *Post v. Ft. Lauderdale*, 750 F.Supp. 1131 (S.D. Fla. 1990) (both cases ruling that police departments are subunits of the city and therefore not subject to suit); *Missouri Ex Rel. Gore v. Wochner*, 475 F.Supp. 274, 280 (E.D. Mo. 1979), *aff'd*, 620 F.2d 183 (8th Cir. 1980), *cert. denied*, 449 U.S. 875 (1980) (ruling that the city personnel department lacks a legal identity apart from that of the city and as such was not a suable entity). The claim against the Cherokee County Sheriff's Department fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim against the Cherokee County Sheriff's Department should accordingly be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Court notes that the Cherokee County Sheriff's Department also filed a motion to dismiss (docket entry #19) pursuant to Rule 12(b)(6) because the claims against it fail to state a claim upon which relief may be granted. The Cherokee County Sheriff's Department also correctly argued that the claims against it should be dismissed pursuant to Rule 17(b) because it is not a suable entity. *See Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991); *Jacobs v. Port Neches Police Dept.*., 915 F.Supp. 842, 844 (E.D. Tex. 1996). The motion to dismiss should be granted.

Yates also expressed a desire to sue Cherokee County. A county can be held accountable for an employee's acts only if the harmful acts resulted from a policy or custom "adopted or maintained with objective deliberate indifference to the detainees constitutional rights." *Grabowski v. Jackson County Public Defenders Office*, 79 F.3d 478, 479 (5th Cir. 1996) (citations omitted). Yates' complaint that Cherokee County retained Deputy Gayle after the excessive use of force incident does not satisfy this standard. The claim against Cherokee County fails to state a claim upon which relief may be granted and is frivolous in that it lacks any basis in law and fact. The claim against Cherokee County should accordingly be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). It is accordingly

**ORDERED** that Plaintiff Kevin Yates may proceed with his excessive use of force claim against former Deputy Keith Gayle. It is further

**ORDERED** that the claims against Sgt. J. Beene are **DISMISSED** with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). It is further

**ORDERED** that the Cherokee County Sheriff's Department's motion to dismiss (docket entry #19) is **GRANTED** and the claims against the Cherokee County Sheriff's Department are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1), Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 17(b). It is finally

**ORDERED** that the claims against Cherokee County are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

So **ORDERED** and **SIGNED** this **27** day of **February, 2007.**

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE